# United States District Court

DISTRICT OF __DELAWARE__

UNITED STATES OF AMERICA
V.

ROSE A. VASQUEZ



~~SEALED~~ Unsealed 1/19/07

## CRIMINAL COMPLAINT

CASE NUMBER: 07- 10M-MPT

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __February through June 2005__ in _____ county, in the _____ District of __Delaware__ defendant(s) did, (Track Statutory Language of Offense)

steal the tax refunds of another, property of the United States

in violation of Title __18__ United States Code, Section(s) __641__.

I further state that I am a(n) __Special Agent, TIGTA__ and that this complaint is based on the following
Official Title

facts: AFFIDAVIT attached.

Continued on the attached sheet and made a part hereof:  ☒ Yes  ☐ No

_Signature of Complainant_
Special Agent Lori Kutlik
Treasury Inspector General for
Tax Administration

Sworn to before me and subscribed in my presence,

1/17/07                                          at   Wilmington, Delaware
Date                                                  City and State

Honorable Mary Pat Thynge
United States Magistrate Judge
Name & Title of Judicial Officer                      Signature of Judicial Officer

## AFFIDAVIT OF LORI KUTLIK

I, Lori Kutlik, being duly sworn, depose and say:

1.      You affiant is employed as a Criminal Investigator with the Treasury Inspector General for Tax Administration (TIGTA), and has been so employed for six years. I am duly commissioned as a Special Agent, and I am authorized to conduct criminal and other investigations arising under the laws of the United States, regulations administered by the Department of the Treasury and the IRS, to carry firearms, to execute and serve search or arrest warrants, to make arrests without warrant, to serve subpoenas and summons, and to require and receive information relating to such laws and regulations. During the past six years, I have conducted and participated in numerous investigations of criminal violations involving the Internal Revenue Service (IRS), including financial fraud, theft, assaults and threats and attempts to interfere with the administration of IRS laws.

2.      This affidavit is submitted in support of an application for a criminal complaint and warrant for the arrest of Rose A. Vasquez for stealing income tax refunds totaling $9,067.00 from two taxpayers from February 2005 through June 2005 in violation of Title 18, United States Code (U.S.C.), §641. The information contained in this affidavit is based upon my personal knowledge gained by reviewing various financial and business records, and interviewing witnesses. Specifically, I submit that the following facts establish probable cause to believe that Rose Vasquez has engaged in federal criminal offenses, including, theft of public money, bank fraud, mail fraud and wire fraud.

### Summary of the Offense

3.      From 1998 to the Spring of 2005, Rose Vasquez prepared and filed income tax returns for Israel Augustin-Ventura, a Spanish speaking individual in Greenwood, Delaware area. Vasquez is bilingual and speaks both English and Spanish. From April through May 2005, Vasquez stole $4,689.43 in income tax refunds belonging to Augustin-Ventura by diverting his refunds into her own bank account and retaining the funds for her own use. From 2001 to the Spring of 2005, Vasquez prepared and filed income tax returns for Vidal Roblero-Perez a Spanish speaking individual residing in Greenwood, Delaware. From February through June 2005, Vasquez stole $3,877.00 in income tax refunds belonging to Roblero-Perez by diverting his refunds into her own bank account and keeping the funds for her own use. Neither taxpayer was aware that they were due the refunds that Vasquez diverted from the IRS and neither taxpayer gave her permission to retain their refunds.

### Details of the Offense

4.      In November 2006, with the assistance of an interpreter, your affiant interviewed taxpayer Israel Augustin-Ventura. Israel Augustin-Ventura stated that Rose Vasquez prepared his income tax returns from 1998 to the present and that he has not received a refund for any of these years. Additionally, he stated that he did not authorize Vasquez or anyone else to direct the

deposit his refund into his/her/their bank account and was not aware that he was ever due a federal income tax refund. A review of the IRS' records pertaining to Israel-Augustin-Ventura's revealed that Augustin-Ventura was due a refund for the period in question and that the refunds were deposited into a bank account that Vasquez held jointly with another individual.

5. A January 2007 review of IRS records revealed that IRS paid a refund of $1,516.14, which was intended to be paid to (made payable to) taxpayer, Israel Augustin-Ventura on May 13, 2005. The refund was payable by check United States Treasury check #230702462259. The check was mailed to P.O. Box 55, Bridgeville, Delaware. A review of Bridgeville Post Office records on or about May 4, 2006, and October 2, 2006 revealed that P.O. Box 55, Bridgeville, Delaware was rented by Rose Vasquez from July 2, 2004 through December 29, 2006. Additionally, a review of the bank statements for Rose A. Vasquez' checking account, which is jointly held with another individual, from April 27, 2005 through May 25, 2005, revealed that Augustin-Ventura's income tax refund was deposited into her checking account on May 20, 2005. The bank statements were reviewed by the affiant at various times from January 10, 2006 to January 11, 2007.

6. A January 2007 review of IRS records pertaining to the income tax refunds of Israel Augustin-Ventura also revealed that the IRS paid a refund of $3,173.29, which was made payable to taxpayer, Israel Augustin-Ventura on April 29, 2005. The refund was paid to Santa Barbara Bank and Trust, a bank that processes refund anticipation loans (RALs). The routing number for Santa Barbara Bank and Trust is 12223246. The address for Santa Barbara Bank and Trust is One South Los Carneros Road, Goleta, California 93117. Additionally, a review of Rose A. Vasquez' checking account statement for April 27, 2005 through May 25, 2005, revealed that a tax refund of $3,131.34 ($3,173.29 refund less RAL fees of $41.95) payable to Israel Augustin-Ventura was deposited into Vasquez' joint checking account on April 29, 2005.

7. In summary, the above facts reveal that $4,689.43 ($1,516.14 + $3,173.29) refunds payable to Israel Augustin-Ventura were not paid to Augustin-Ventura. Rather, they were deposited into the bank account of Vasquez.

8. In November 2006, your affiant, with assistance of an interpreter, interviewed taxpayer Vidal Roblero-Perez. Perez stated that Rose Vasquez prepared his income tax returns from 2001 to the present. Roblero-Perez stated that he did not receive a refund for tax years 2004 and 2005. Furthermore, he stated that he did not authorize Vasquez or anyone else to direct the deposit of his refund into his/her/their bank account and was not aware that he was ever due a federal income tax refund. Perez stated that Vasquez told him that he was not due a refund for 2004 and 2005. A review of IRS' records revealed that Vidal Roblero-Perez was due refunds for the period in question and that the refunds were deposited into a bank account that Vasquez held jointly with another individual.

9. A review of the Internal Revenue Service's (IRS) records pertaining to the income tax refunds of Vidal Roblero Perez from 2004 to the present revealed that the IRS paid a refund of $2,292.00, which was intended to be paid to taxpayer, Vidal Roblero-Perez on May 20, 2005. The refund was payable by check #230704432292. The check was mailed to Rose Vasquez' P.O. Box 55, Bridgeville, Delaware. In addition, a review of Rose A. Vasquez' checking

account statement for May 26, 2005 through June 24, 2005, revealed that the tax refund was deposited into said account on June 7, 2005.

10. Further review of the IRS' records pertaining to the income tax refunds of Vidal Roblero-Perez revealed that the IRS paid a refund of $1,585.00, which was made payable to taxpayer, Vidal Roblero-Perez on February 25, 2005. The refund was paid to Santa Barbara Bank and Trust, a bank that processes RALs, who in turn paid the money into the checking account of Rose Vasquez. A review of Rose A. Vasquez' checking account statements, which she hold jointly with another individual, from January 28, 2005 through February 25, 2005, revealed that a tax refund of $1,543.05 ($1,585.00 refund less RAL fees of $42.00) payable to Israel Augustin-Ventura was deposited into Dejesus and Vasquez' joint checking account on February 25, 2005.

11. In summary, the above facts reveal that $3,877.00 ($2,292.00 and $1,585.00) refunds payable to Vidal Roblero-Perez were not paid to Roblero-Perez. Rather, they were deposited into the bank account of Vasquez.

### Conclusion

12. In summary, there is probable cause to believe that from February 2005 through June 2005, Rose Vasquez stole the income tax refunds of Vidal Roblero-Perez and Israel Augustin-Ventura. Therefore, your affiant respectfully requests that the Court issue a criminal complaint and warrant for the arrest of Rose A. Vasquez.

Lori Kutlik, Special Agent
Treasury Inspector General for Tax Administration

Subscribed and sworn to me before this ___ day of _____, 2007.

Honorable Mary Pat Thynge
United States Magistrate Judge